UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STACY PALMA, individually,

    Plaintiff,

v.

REVENUE ASSISTANCE CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff STACY PALMA ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant REVENUE ASSISTANCE CORPORATION ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act (the "FDCPA"), and Florida Statute § 559.551, the Florida Consumer Collection Practices Act (the "FCCPA"), and in support thereof, Plaintiff states the following:

## INTRODUCTION

1.    Section 1692f of the FDCPA states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C §1692f. Thereafter, §1692f codifies a non-exhaustive series of acts that explicitly violate the section. Accordingly, a debt collector will commit an express violation of §1692f by attempt to collect "*any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law*. 15 U.S.C §1692f(1) (emphasis added). Moreover, it is also an express violation of the FDCPA for a debt collector to falsely represent either: "(A) the character, amount, or legal status of any debt; or (B)

any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. 1692e(2).

2. Similarly, pursuant to the FCCPA, it is unlawful for a debt collector to: "[c]laim, attempt, or threaten to enforce a debt when [the debt collector] knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

3. As set forth in more detail below, Defendant violated both the FDCPA and FCCPA in attempting to collect a consumer debt from Plaintiff, to wit: (1) Defendant violated §1692f(1) of the FDCPA by wrongfully imposing a $4.95 "convenience fee" on online credit card and check payments in which Defendant could not legally collect; (2) Defendant violated §1692e(2) of the FDCPA by falsely representing to Plaintiff that the amount of the consumer debt in question included said unlawful fees; and (3) Defendant violated the FCCPA, to wit, Fla. Stat. § 559.72(9), by attempting to collect funds that Defendant knew could not be legitimately demanded.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

5. Venue in this District is proper because Plaintiff resides in this District and Defendant does business in this District.

## PARTIES

6. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

7. Upon information and belief, Defendant is an Ohio corporation, with its principal place of business located in Cleveland, Ohio.

8. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

9. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

10. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes, specifically, certain medical services rendered by Marshland Emergency Physicians, LLC (the "Original Creditor), the sum of which allegedly equals $560.00.

11. Accordingly, the Consumer Debt is a "debt" governed by the FDCPA and FCCPA.

12. Plaintiff is a "consumer" within the meaning of the FDCPA.

13. Defendant is a for-profit consumer debt collection company and is registered as such within the State of Florida.

14. Defendant is a "debt collector" as defined by the FDCPA and FCCPA.

15. Upon information and belief, on a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

16. On or about January 19, 2016, Defendant sent a collection letter to Plaintiff seeking payment on the Consumer Debt. A copy of said collection letter (the "Collection Letter") is attached hereto as Exhibit "A."

17. In the Collection Letter, Defendant stated, in part: "*All credit card and check by phone payments are subject to a $4.95 convenience fee.*" See, Collection Letter.

18. The $4.95 "convenience fee" Defendant imposed, however, was not expressly authorized by the agreement that created the Consumer Debt, nor was such fee permitted by law.

## COUNT I.
## VIOLATION OF THE FDCPA

19. Plaintiff incorporates by reference paragraphs 10-18 of this Complaint as though fully stated herein.

20. The $4.95 "convenience fee" imposed by Defendant is a violation of 15 U.S.C. §§1692e(2) and 1692f(1) because Defendant unlawfully mislead Plaintiff to believe that Defendant was entitled and/or permitted to collect a "convenience fee" for credit card and check payments made by phone, and by seeking collecting an amount that was not authorized or permitted by contract or statute.[1] *See*, Quinteros v. MBI Associates, Inc., 999 F. Supp. 2d 434 (E.D.N.Y. 2014).

21. In light of the preceding, the imposition of a $4.95 "convenience fee" on credit card and check payments made via telephone is unlawful because Defendant lacked authority to impose such a fee, and absent such, the $4.95 "convenience fee" is expressly prohibited the FDCPA.

## COUNT II.
## VIOLATION OF THE FCCPA

22. Plaintiff incorporates by reference paragraphs 10-18 of this Complaint as though fully stated herein.

---

[1] *See*, 15 U.S.C. 1692e(2) ("the following conduct is a violation of this section… [t]he false representation of: (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt"); 15 U.S.C. 1692f ("[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section… [§§](1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law").

23. On information and belief, the $4.95 "convenience fee" Defendant imposed on credit card and check payments made by phone was known by Defendant to be without any statutory or contractual authority.

24. On information and belief, the $4.95 "convenience fee" demanded by Defendant was Defendant's willful attempt to collect excessive funds from Plaintiff – Defendant knew it lacked it could not lawfully collect a "convenience fee" from Plaintiff, but nevertheless portrayed the assessment of a $4.95 "convenience fee" as a legitimate and/or lawful exercise of its collection authority. *See* generally, Daniel v. Select Portfolio Servicing, LLC., 2016 WL 518721 (S.D. Fla. 2016) (whereby plaintiff was found to have stated claim against defendant for violation of the FCCPA, to wit, Fla. Stat. § 559.72(9), where plaintiff alleged that defendant charged her $15.00 for each property inspection although defendant actually only incurred $12.00 expense for those inspections, and that $1.50 charge for "miscellaneous corporate disbursement" was not attributable to any service rendered).

25. Therefore, in light of the preceding, Defendant violated Fla. Stat. § 559.72(9) by seeking to collect unlawful fees from Plaintiff, whereby Defendant knew it possessed no authority to collect funds in excess of the Consumer Debt, to wit, the "convenience fee."

## DEMAND FOR JURY TRIAL

26. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b)  Statutory and actual damages, as provided under § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(c)  Attorneys' fees and costs incurred in bringing this action, as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(d)  Any other relief that this Court deems appropriate and just under the circumstances.

DATED: April 9, 2016

Respectfully Submitted,

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:    877-575-0010
Fax:      954-507-9975

AND

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      844-542-7235

*COUNSEL FOR PLAINTIFF*